UNITED STATES of America, Appellee

v.

Georgi Vasilev PLETNYOV, also known as Andrzej Stanislaw Slusarczuk, Appellant.

No. 11–3087.

United States Court of Appeals, District of Columbia Circuit.

May 24, 2013.

Elizabeth Trosman, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Michael Alan Olshonsky, Esquire, Law Office of Michael Alan Olshonsky, Washington, DC, for Appellant.

Before: ROGERS and TATEL, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This appeal was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. For the reasons presented in the accompanying memorandum, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## *MEMORANDUM*

Appellant challenges his sentence on the ground that the district court clearly erred, *see United States v. Henry*, 557 F.3d 642, 644–45 (D.C.Cir.2009), in finding that the government met its burden of establishing by a preponderance of the evidence, *see United States v. Washington*,

115 F.3d 1008, 1010 (D.C.Cir.1997), that his offenses involved 50 or more victims. Appellant pled guilty to one count each of conspiracy to commit wire fraud and conspiracy to commit money laundering. According to the government's memorandum in aid of sentencing, that scheme, based in Eastern Europe, involved internet advertisements for the sale of vehicles and boats on eBay whereby potential buyers deposited money into foreign bank accounts opened by the conspirators. Instead of providing the advertised goods to the buyers, the conspirators pocketed the funds, which appellant acknowledges involved over $1 million. Sentencing Guideline § 2.B 1.1(b)(2) provides for a four-level enhancement of a defendant's base offense level if the offense involved 50 or more victims. In calculating appellant's sentencing range, the district court included a four-level enhancement pursuant to § 2B1.1(b)(2).

A "victim" under § 2B1.1 must have "sustained . . . part of the actual loss determined under subsection (b)(1)." U.S.S.G. § 2B1.1 commentary n. 1. "In resolving any dispute concerning a factor important to the sentencing determination, the [district] court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. When the defendant challenges a factual statement in a presentence report, the government "must demonstrate that the description in the report is based on a sufficiently reliable source to establish the accuracy of that description." *United States v. Price*, 409 F.3d 436, 444 (D.C.Cir. 2005).

At the sentencing hearing, the prosecutor submitted a spreadsheet to the district court listing 52 individuals and their monetary losses from the eBay scheme. According to the prosecutor, the spreadsheet, a version of which was in the presentence report, reflected information contained in bank records that the government had obtained under mutual legal assistance treaties. The prosecutor proffered that government agents had spoken with 37 victims to confirm their losses. Appellant does not challenge the government's proof as to those victims. As to the other fifteen victims, the prosecutor proffered a bank account record for one of them as illustrative of the losses suffered by the other fourteen and stated that similar bank records for the fourteen were in the government's possession. That record, from a bank account of one of the conspirators, showed an incoming credit for $15,500 and a withdrawal of the same amount the following day. Defense counsel, during discovery, was granted access (with a translator) to the bank records. And during oral argument, appellant's counsel acknowledged that if the bank records showed what the government proffered—namely, a deposit by a potential buyer into an account opened under a conspirator's alias and a subsequent withdrawal—then the likelihood is that they show actual loss to those individuals because there is no evidence that these bank accounts were used for any purpose other than the fraudulent eBay scheme. Oral Arg. Tr. at 28:08–31:01.

Appellant does not challenge the reliability of the bank records but rather objects to the fact that the government did not contact the fifteen individuals to confirm their losses and failed to submit bank records for all of them to the district court at sentencing. This challenge lacks merit. The commentary to the Guidelines' policy statement on disputed sentencing factors contemplates that "[w]hen a dispute exists about any factor important to the sentencing determination, the [sentencing] court

must ensure that the parties have an adequate opportunity to present relevant information," and "must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." U.S.S.G. § 6A1.3 commentary. Here, the government (1) provided defense counsel with access (with a translator) to the bank records regarding all fifteen potential buyers during discovery; (2) provided an itemized spreadsheet to the district court and defense counsel prior to sentencing that named each potential buyer and the buyer's monetary loss; (3) proffered to the district court that the spreadsheet reflected the bank records in the government's possession, and submitted one bank record as illustrative of bank records for all fifteen. Under the circumstances, the district court did not clearly err in finding that the government had met its burden of proof by a preponderance of the evidence that appellant's offenses involved 50 or more victims.

Appellant's reliance on *United States v. Showalter*, 569 F.3d 1150 (9th Cir.2009), is misplaced. In that case, the district court clearly erred when it found loss to over 50 victims based upon a disputed statement in the presentence report that the probation officer had spoken to a bankruptcy trustee, who said there were 117 victims, and an attached list naming the victims. *Id.* at 1160–61. Unlike here, where the government identified the source of its victim information, in *Showalter* it was "impossible to determine from the record whether the probation office ever inquired into the accuracy of the victim list" and "it appear[ed] that the probation office said there were 117 victims because the bankruptcy trustee said so, without any explanation as to how the trustee came up with this number." *Id.* at 1161. Similarly, *United States v. Pham*, 545 F.3d 712 (9th Cir.2008), is of no aid to appellant; there, the government made a proffer as to only one of 35 victims. *Id.* at 719–21.